Edward Toptani
TOPTANI LAW PLLC
375 Pearl Street
Suite 1410
New York, New York  10038
(212) 699-8930
edward@toptanilaw.com

*Attorneys for Plaintiff City Merchandise Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY MERCHANDISE INC., <br><br> Plaintiff, <br><br> -against- <br><br> GNSA CONSULTING CORP. (d/b/a GNSA Corp, NYS SOUVENIRS and NYC MEGA MART) and JIM NOMEH, <br><br> Defendants. | **Civil Action No.: 24-2631** <br><br> **COMPLAINT** |

Plaintiff City Merchandise Inc. ("**Plaintiff**"), for its complaint against defendants GNSA Consulting Corp. (d/b/a GNSA Corp, NYC Souvenirs and NYC Mega Mart) (collectively, **"GNSA"**) and Jim Nomeh (**"Nomeh"** and collectively, **"Defendants"**), states and alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1. This is an action at law and in equity for copyright infringement under the Copyright Act of 1976 (the **"Copyright Act"**), 17 U.S.C. §§ 101 *et seq*.

2. This action arises by reason of Defendants' unauthorized creation, display,

distribution and/or sale of merchandise which depicts a design that is strikingly and substantially similar to an original design exclusively owned by Plaintiff.

3. For example, set forth on **Exhibit 1** annexed hereto are images of souvenir vanity license plates bearing an original design created by Plaintiff and offered to the public, and to the immediate right of Plaintiff's items are corresponding images of a souvenir vanity license plates offered to the public by Defendants.

4. Clearly, the "total concept and feel" between the design on Plaintiff's items and the design on Defendants' items are identical. Furthermore, the overall effect of Defendants' knock-off design is not only confusingly similar to Plaintiff's authentic design, but the two designs are virtually indistinguishable. Indeed, the design on Defendants' infringing souvenir vanity license plates mimics every key element of Plaintiff's original design that it uses on its vanity license plates and magnets. Similarly, Plaintiff also uses its original design on a smaller magnet version of the vanity license plates that it sells, which Defendant has also copied and uses on souvenir magnets that it sells.

5. Defendants have exploited, and continue to exploit, Plaintiff's original design, without the permission, authorization, or approval of Plaintiff, by selling vanity license plates and magnets that infringe Plaintiff's copyrighted design. For these and other reasons, Plaintiff seeks injunctive relief, recovery of Plaintiff's actual damages and Defendants' profits and/or statutory damages, attorneys' fees and costs and additional relief set forth below.

2

**THE PARTIES**

6. Plaintiff City Merchandise Inc. ("**Plaintiff**") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 228 40th Street, Brooklyn, New York 11232. Plaintiff possesses nearly 40 years of experience in the designing, manufacturing, distribution and sale of high quality, affordable souvenirs and apparel throughout the United States and the Caribbean.

7. Upon information and belief, defendant GNSA Consulting Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 76 Fraser Street, Staten Island, New York 10314.

8. Upon information and belief, GNSA Consulting Corp. also does business using the trade names GNSA Corp., NYC Souvenirs and NYC Mega Mart (collectively referred to as "**GNSA**")

9. Upon information and belief, defendant Jim Nomeh ("**Nomeh**") is an individual who resides in New York State.

10. Upon information and belief, Nomeh is jointly and severally liable for the misconduct of GNSA described herein because he is an owner, officer, supervisor and/or manager of GNSA, with the right and ability to supervise and control it's infringing activities, and he has had and continues to have, a direct financial stake in that activity and/or personally participated in those activities, which have provided him and will provide him with substantial

material benefits.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the Copyright Act.

12. This Court has personal jurisdiction over Defendants because they transact business within this State and have caused and continue to cause tortious injury to Plaintiff within this State, and because a substantial part of the events giving rise to the claims herein occurred in this State.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants do substantial business in this District and a substantial part of the events giving rise to the claims herein occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff is one of the leading manufacturers, designers, suppliers and distributors of affordable, high-quality souvenirs and apparel in the United States and Caribbean. It has been in business since 1986, and services over 2,000 accounts in over 100 cities.

15. Established in New York City, Plaintiff frequently specializes in the creation of products bearing designs that appeal to tourists who visit the Big Apple, many of which feature its iconic skyline and/or other well-known NYC attractions. To maintain its competitive edge in the marketplace, Plaintiff devotes a substantial amount of time, energy and funds towards the

frequent creation of unique designs for products that it believes, based upon its experience, will be commercially successful. Some of its designs and products have been popular for several years.

16.     In 2021, Plaintiff created an original New York State vanity license plate design that features across the center various words in bold capital letters (e.g., "**MANHATTAN**," "**TIMES SQUARE**," "**BROADWAY**," "**NEW YORK**," "**WALL STREET**," "**#1 MOM**," "**BROOKLYN**," "**#1 DAD**" and "**THE BOSS**," among others) (collectively, the **"NY Plate Design"**). The featured words, which substitute for a traditional license plate number, are bordered on the left by a whimsical drawing of the Statute of Liberty perched atop the Niagara Falls. The bottom center of the design includes the words "EMPIRE STATE" and a small skyline of New York City is depicted in the bottom right corner.

17.     The NY Plate Design includes Plaintiff's unique and original interpretations of a New York City-themed license plate, employing original artwork, quirky and appealing layouts and arrangements, vantage points and perspectives, color schemes, shading, bordering, shapes and sizes

18.     The NY Plate Design, which was created in 2021, is an original work of authorship created by Plaintiff, embodying subject matter protected by copyright. Plaintiff is the sole and exclusive owner of all right, title, and interest in and to the copyright pertaining to the NY Plate Design.

5

19. The NY Plate Design represents a valuable asset and goodwill of Plaintiff.

20. Commencing in or about late early February 2022, and continuously thereafter, Plaintiff began publically offering and selling high quality, affordable souvenirs bearing the NY Plate Design. Plaintiff has sold, and continues to sell, souvenir vanity license plates and magnets versions thereof each of whichg embodies the NY Plate Design (collectively, the **"NY Plate Design Products**

21. Plaintiff's NY Plate Design Products have been sold, and are currently being sold, throughout the State of New York, through a wide variety of channels, including, but not limited to, gift shops and airport souvenir stores.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement Against GNSA)

22. The allegations of each of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

23. The NY Plate Design is an original work of authorship, embodying subject matter protected by copyright. Plaintiff is the sole and exclusive owner of all right, title, and interest in and to the copyright.

24. Plaintiff has applied for and obtained from the United States Copyright Office a copyright registration for the NY Plate Design bearing registration numbers VA 2-360-127. The effective date of registration for the copyright covering the NY Plate Design is July 7, 2023.

25. A copy of the Certificate of Registration, together with the NY Plate Design for

6

which the registration has been obtained, is annexed hereto as **Exhibit 2**.

26. Defendant GNSA is a direct competitor of Plaintiff in the souvenir marketplace and had access to the NY Plate Design by virtue of the fact that various NY Plate Design Products have been and are generally available for sale to the public through multiple channels since 2022, including airport souvenir stores and multiple gift shops throughout New York City. Moreover, GNSA sells souvenirs to many of Plaintiff's customers and has actively encouraged Plaintiff's customers to purchase its knock-off vanity license plates and magnets at a cheaper price in lieu of Plaintiff's NY Plate Design Products.

27. In or about July 2023, *after* Plaintiff obtained exclusive rights in the NY Plate Design and commenced publicly selling NY Plate Design Products, Defendants began manufacturing, distributing, advertising, marketing, offering for sale, and/or selling souvenir vanity license plates and magnets bearing a design that is a flagrant knock-off of Plaintiff's NY Plate Design (the **"Infringing Products"**). The design on Defendants' Infringing Products is substantially and strikingly similar to Plaintiff's NY Plate Design that is contained on the NY Plate Design Products and replicates the original artwork in nearly every respect, including concept and theme, design elements, lettering, shapes, proportions, colors, perspectives, arrangements, combinations, placement, featured words and product type.

28. Defendants have performed each of the acts complained of in the preceding paragraphs without the permission, consent or authority of Plaintiff and are therefore violating

Plaintiff's copyright in the NY Plate Design.

29. Defendants have committed and are continuing to commit acts of copyright infringement against Plaintiff, despite the fact that a cease-and-desist letter, dated March 25, 2024, was forwarded to them by Plaintiff's counsel. Further, Defendants' acts are willful, intentional and purposeful, and committed with prior notice and/or knowledge of Plaintiff's copyright.

30. Plaintiff has been and will be injured as a direct and proximate result of Defendants' copyright infringement in that Plaintiff's reputation has been damaged and it has been deprived of sales and profits. In addition, Defendants have been unjustly enriched, and will be unjustly enriched, by reason of its copyright infringement, in that Defendants have achieved or will achieve sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their unlawful conduct.

31. As a result of such activities, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501.

32. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright and exclusive rights under the copyright laws, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages, plus Defendants' profits from infringement, which may be proven at trial. Alternatively, Plaintiff may also be entitled maximum statutory damages

pursuant to 17 U.S.C. § 504(c), and, if so, such statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

33. Pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief to prevent Defendants from infringing Plaintiff's copyrighted NY Plate Design and its exclusive rights thereunder. Plaintiff has no adequate remedy at law. Indeed, Defendants' unlawful acts have also caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business and reputation unless such activity is enjoined.

34. Pursuant to Section 503 of the Copyright Act, 17 U.S.C. § 503, Plaintiff is entitled to impoundment and destruction of all of Defendants' products, including the Infringing Products, that infringe the NY Plate Design.

35. Pursuant to Section 505 of the Copyright Act, 17 U.S.C. §505, Plaintiff is entitled to an award of its costs and reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement Against Nomeh)**

36. The allegations of each of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

37. As detailed above, defendant GNSA has unlawfully copied Plaintiff's NY Plate Design and displayed, promoted, advertised, offered for sale, distributed and/or sold

unauthorized and infringing reproductions of the NY Plate Design embodied on the Infringing Products.  Therefore, GNSA is liable for direct infringement of Plaintiff's exclusive copyrights.

38. Upon information and belief, defendant Nomeh, with knowledge of GNSA's infringing activity, induced, caused and materially contributed to the infringing conduct of GNSA.  Upon information and belief, Nomeh provided, among other things, invaluable support to the acts of infringement by assisting in the development and design of GNSA's infringing designs, facilitating the manufacture of the Infringing Products and/or supervised and directed GNSA's offering and sale of Infringing Products to its customers.

39. In addition to the foregoing, Nomeh, with knowledge of the infringing activity described herein, induced, caused and materially contributed to the infringing conduct of GNSA's customers, who were supplied with the Infringing Products, thereby ensuring that GNSA's customers could unlawfully offer and sell Infringing Products for sale to the public.

40. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of, and indifferent to, Plaintiff's rights.

41. Through the conduct described above, Nomeh has engaged in contributory infringement of Plaintiff's copyright and its exclusive rights under copyright, and he continues to do so, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

42. As a direct and proximate result of Nomeh's contributory infringement of Plaintiff's copyright and exclusive rights thereunder, Plaintiff is entitled to its actual damages, as

well as Defendants' profits from the infringement, as will be proven at trial pursuant to 17 U.S.C. § 504(b).  Alternatively, Plaintiff may be entitled to maximum statutory damages against Nomeh because Defendants' infringement was willful, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

43. Plaintiff may also be further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

44. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringements of its copyright and exclusive rights thereunder.

45. Pursuant to Section 503 of the Copyright Act, 17 U.S.C. § 503, Plaintiff is entitled to impoundment and destruction of all infringing products, including the Infringing Products.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement Against Nomeh)

46. The allegations of each of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

47. Defendant Nomeh is liable under the Copyright Act as vicarious copyright infringer.

48. Upon information and belief, Nomeh, as GSNA's Chief Executive Officer, has the legal right and ability to supervise and control the infringing activities of GNSA. Upon information and belief, he could have, among other things, prevented GNSA and its customers from selling Infringing Products by refraining from arranging for the creation, manufacture and/or supply and sale of the Infringing Products. Nomeh also had the ability to order GNSA to refrain from offering for sale and selling the Infringing Products after Defendants' received Plaintiff's cease-and-desist letter, dated March 25, 2024. He failed to do so even though he was, and is, fully aware of GNSA's direct infringement.

49. In addition, Nomeh has the legal right and actual ability to supervise and control the infringing activities of GNSA's customers. Among other things, Nomeh could have instructed and can instruct such customers to cease infringing Plaintiff's NY Plate Design by no longer advertising, displaying, offering for sale, and/or selling Infringing Products. Nomeh also has the ability to recall all Infringing Products from GNSA's customers.

50. Nomeh nevertheless has refused to exercise any control over the infringing activities of GNSA's customers, and as a direct and proximate result of such failure, Plaintiff's copyright has been infringed in the manner described above.

51. Nomeh at all relevant times has derived a direct financial and indirect benefit attributable to their infringement of Plaintiff's copyright.

52. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights.

53. Through the conduct described above, Nomeh is vicariously infringing Plaintiff's copyright in violation of the Copyright Act, 17 U.S.C. §501.

54. As a direct and proximate result of Nomeh's vicarious infringement of Plaintiff's copyright, Plaintiff is entitled to its actual damages, as well as Defendants' profits from infringement, as may be proven at trial pursuant to 17 U.S.C. § 504(b). Alternatively, Plaintiff may be entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

55. Plaintiff may further be entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

56. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringements of its copyright and its exclusive rights thereunder.

57. Pursuant to Section 503 of the Copyright Act, 17 U.S.C. § 503, Plaintiff is entitled to impoundment and destruction of all infringing products, including the Infringing Products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment as follows:

A. That each Defendant, its agents, servants, employees, representatives, officers, directors, affiliates, subsidiaries, attorneys, successors and assigns and all those in active concert with Defendants, be enjoined *pendente lite* and permanently from:

(i) directly or indirectly infringing Plaintiff's copyright annexed hereto as **Exhibit 2**;

(ii) manufacturing, reproducing, displaying, promoting, advertising, importing, exporting, distributing, selling, offering for sale or holding for sale any items which infringe Plaintiff's rights in the NY Plate Design, including the Infringing Products;

(iii) representing that any article of the enjoined merchandise manufactured, reproduced, displayed, promoted, advertised, imported, exported, distributed, sold, or held for sale by defendant GNSA is sponsored, approved or authorized by Plaintiff; and

(iv) aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

B. That Plaintiff have and recover from Defendants, jointly and severally, such actual damages as Plaintiff may prove at trial and that Defendants account to Plaintiff for all unauthorized sales of products that infringe the NY Plate Design, including the Infringing

Products, and all profits and monetary benefits derived therefrom; or, in the alternative and as applicable, with regard to the acts of copyright infringement, Defendants pay to Plaintiff statutory damages under the Copyright Act, and that the award be increased due to the willful nature of the infringement.

        C.       That Defendants be required to pay Plaintiff exemplary and punitive damages to deter Defendants from any further or willful infringement, as the Court finds appropriate.

        D.       That Defendants be required to pay to Plaintiff the costs of this action, and reasonable attorneys' fees to be allowed by the Court.

        E.       That Defendants, and those in concert or participation with them, be required to deliver up to Plaintiff within five (5) days of entry of judgment, or at such earlier time as the Court may order, all merchandise and material in their direct or indirect possession or under their direct or indirect control which is subject to the injunctive order of this Court, including, without limitation, all products, catalogs, brochures, drawings, designs, promotional materials, plates, screens, matrices, film positives and negatives, and any other materials for making the same, for the purpose of destruction or other disposition as Plaintiff may elect.

        F.       That Defendants be required to withdraw from its customers, retailers and all others all of the Infringing Products, including offering reimbursement for same, and delivering up the same to Plaintiff for destruction or other disposition as Plaintiff may elect.

        G.       That Defendants be required to file with the court and serve Plaintiff's counsel

within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

      H.     That Plaintiff have such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff City Merchandise Inc. hereby demands a trial by jury in this action.

**TOPTANI LAW PLLC**

By: /s/ *Edward Toptani*
    Edward Toptani (ET6703)
    375 Pearl Street
    Suite 1410
    New York, New York 10038
    Tel. (212) 699-8930
    edward@toptanilaw.com
    *Attorneys for Plaintiff*

New York, New York
April 8, 2024